# McLester & Van Hoose v. Sanford.

APPEAL from Fayette Circuit Court.

Tried before the Hon. S. H. SPROTT.

GARRETT & UNDERWOOD, for appellant.

A. B. McEACHIN and R. F. PETERS, for appellee.

McLester & Van Hoose sued the defendant to recover damages sustained, resulting from a neglect of duty, and failure to exercise ordinary care and skill in the rendition of services as an attorney, which they had employed and paid him to perform. The precise services to be rendered, was the examination of titles to certain lands, a mortgage upon which had been offered to plaintiffs. Upon the report of the defendant and certificate that the lands were free from claims and incumbrance, and that the property belonged to those desiring to contract the debt, credit was given, and the mortgage taken to secure the debt. It turned out that a portion of the lands had been sold and conveyed by one of the mortgagors, and the deed of conveyance filed and recorded in the probate office in the book of Records of Deeds and Conveyances several months prior to the employment of defendant, and open to inspection and examination at the time of his report. The suit resulted in a verdict and judgment for plaintiffs, assessing their damages at $800. Upon the motion of the defendant, the trial court set aside the verdict and judgment and granted a new trial. The appeal is prosecuted from the order setting aside the verdict and judgment for the plaintiffs.

· The principal grounds for the motion for a new trial were, 1st, the absence of the leading counsel for the defendant at the time on account of sickness. 2d. That defendant had discovered new evidence. 3d. That the verdict was excessive.

As to the first ground, it is held that a sufficient answer to this motion is, that it does not appear that defendant requested a continuance of the cause on this account, but voluntarily entered upon the trial in the absence of such counsel. While the motion states that defendant had left important data of evidence with 'his leading counsel, no fact material to the issue is stated which was in the possession of absent counsel, and which could not be supplied at the trial. Again, two of the counsel of defendant were present at court, and the fact that defendant proceeded voluntarily with the trial, while one was absent from the court room, can not be made the basis of a new trial.

As to the second ground, as stated above, it appears that the party from whom the newly discovered evidence was obtained, was a witness for the defendant, and had been for more than six months; that he was present during the term, was in court as a witness, but was not examined. No diligence is shown whatever in not ascertaining the facts, before or during the trial from this witness. Furthermore, the facts to which he proposes to testify are controverted. Again, if these facts were true, they could not, and ought not to, affect the verdict rendered, in view of the other evidence of the case.

As to the third ground, the record does not contain a scintilla of evidence in support of it. After stating that there were 160 acres of land, which one of the mortgagors had previously sold and conveyed away, and which deed was of record and easily discovered at the time of the report of the defendant, it is then announced by the court that while the value of the loss to the mortgagees may not have justified the amount of the verdict, still this court can not determine that fact in the absence of all testimony that it was of less value.

It is held that the new trial should not have been granted upon the evidence contained in the bill of exceptions. The judgment granting a new trial is set aside and annulled, and judgmeent here rendered reinstating the judgment rendered by the trial court.

Opinion by COLEMAN, J.